23601

Michael A. WILLIAMS, Respondent v. NORTHWESTERN SECURITY LIFE INSURANCE COMPANY, Toyota Motor Credit Corporation, and World Omni Financial Corporation, Defendants, of Whom, Northwestern Security Life Insurance Company, is the Appellant.

(415 S.E. (2d) 809)

Supreme Court

*Scott A. Seelhoff*, of *Davis, Tupper, Griffith & Smith, P.A.*, Beaufort, *for appellant.*

*James H. Moss*, of *Moss, Dorn, Kuhn & McIntyre*, Beaufort, *for respondent.*

*D. Christian Goodall,* of *Adams, Quackenbush, Herring & Stuart, P.A.,* Columbia, *for defendants.*

Submitted Jan. 21, 1992.

Decided March 16, 1992.

MOORE, Justice:

Appellant Northwestern Security Life Insurance Company (Northwestern) appeals from the order of the trial judge denying its motion to dismiss. The issues on appeal are whether the order is immediately appealable and, if so, whether the trial judge erred in denying Northwestern's motion which was made pursuant to S.C. Code Ann. § 38-27-430(a) (1989). We reverse.

## I. FACTS

On November 2, 1989, a North Carolina state court entered an Order of Rehabilitation for Northwestern. The rehabilitation was unsuccessful and on May 2, 1990, the North Carolina state court entered an Order of Liquidation for Northwestern. On September 5, 1990, Respondent Williams filed the complaint against Northwestern, Toyota Credit Corporation, and World Omni Financial Corporation alleging that they had conspired to repossess his car. On October 17, 1990, Northwestern moved to be dismissed from the action pursuant to S.C. Code Ann. § 38-27-430(a) (1989) and the injunction which the North Carolina court issued. The trial judge denied the motion and Northwestern appealed.

## II. DISCUSSION

Williams argues that the denial of Northwestern's motion to dismiss is not immediately appealable as it is an interlocutory order. As a general rule, interlocutory orders are not immediately appealable. S.C. Code Ann. § 14-3-330 (1976); and Rule 201, SCACR. In particular, this Court has held that the denial of a motion to dismiss under Rule 12(b)(6) is not directly appealable. *Moyd v. Johnson,* 289 S.C. 482, 347 S.E. (2d) 97 (1986). Northwestern's motion, however, is not based upon any grounds set forth in Rule 12(b). Northwestern is moving to be dismissed based upon the injunction issued by the North Carolina court.

Northwestern argues that under section 14-3-330(4) the denial of its motion is immediately appealable. Under this subsection, this Court has appellate jurisdiction over orders "granting, continuing, modifying, or *refusing* an injunction." S.C. Code Ann. § 14-3-330(4) (1976) (emphasis added). Northwestern argues that when the trial judge denied it motion to dismiss, the injunction in effect was refused, thereby bringing the order within the parameters of subsection (4). Under these facts, we agree.

Holding that this order is immediately appealable, we now address whether the trial judge erred in denying Northwestern's motion. Williams argues that since the first sentence of S.C. Code Ann. § 38-27-430(a) (1989) is not applicable to Northwestern, the entire subsection is not applicable. We disagree. Section 38-27-430(a) states:

> Upon issuance of an order appointing a liquidator of a domestic insurer or of an alien insurer domiciled in this State, no action at law or equity may be brought against the insurer or liquidator, whether in this State or elsewhere; nor may any existing actions be maintained or further presented after issuance of the order. The courts of this State shall give full faith and credit to injunctions against the liquidator or the company or the continuation of existing actions against the liquidator or the company, when the injunctions are included in an order to liquidate an insurer issued pursuant to corresponding provisions in other states. . . .

A " 'domestic insurer' means an insurer incorporated or organized under the laws of this State." S.C. Code Ann. § 38-1-20(17) (1989). An " 'alien insurer' means an insurer incorporated or organized under the laws of a country other than the United States of America, its states, commonwealths, territories, or insular possessions." S.C. Code Ann. § 38-1-20(6) (1989). A " 'foreign insurer' means an insurer incorporated or organized under the laws of the United States or any jurisdiction within the United States other than this state." S.C. Code Ann. § 38-1-20(18) (1989). Northwestern is incorporated under the laws of North Carolina with its principal place of business in Wilkes County, North Carolina. In South Carolina, Northwestern is a foreign insurer and not a domestic or alien in-

surer. Therefore, we agree that the first sentence of subsection 38-27-430(a) does not apply to Northwestern because it applies only to orders appointing liquidators of South Carolina *domestic insurers* or *alien insurers* domiciled in South Carolina.

In North Carolina, however, Northwestern is a domestic insurer. Under corresponding provisions, N.C. Gen. Stat. § 58-30-10 *et seq.* (1991), the North Carolina court issued a liquidation order for Northwestern. As this subsection states, if another state under corresponding provisions issues a liquidation order, South Carolina must give full faith and credit to an injunction contained within that order. Therefore, South Carolina must give full faith and credit to the injunction contained within the North Carolina liquidation order.

The trial judge erred in denying Northwestern's motion to dismiss, as this subsection requires South Carolina to give injunctions included in liquidation orders issued under corresponding provisions in other states full faith and credit. Accordingly, the trial court's order is

Reversed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.